NUMBER 13-08-00348-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


BRANDON BOYD SHYTLES, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 36th District Court 

of Aransas County, Texas.

 


MEMORANDUM OPINION


Before Justices Rodriguez, Garza, and Vela 


Memorandum Opinion by Justice Rodriguez



 Appellant, Brandon Boyd Shytles, appeals from his conviction of theft. See Tex.
Penal Code Ann. § 31.03 (Vernon Supp. 2008). Appellant pleaded guilty and was
sentenced to two years' incarceration. The trial court suspended the sentence and placed
appellant on community supervision for a period of two years. After appellant pleaded
"true" to violating the terms of his community supervision, the trial court revoked his
community supervision and sentenced him to two years' incarceration. Appellant's counsel
filed an Anders brief in which he concludes there are no arguable grounds for an appeal. 
We affirm.

I. Compliance with Anders v. California

 In the Anders brief, appellant's counsel concludes that this appeal is frivolous and
without merit. See Anders v. California, 386 U.S. 738, 744 (1967). Appellant's brief meets
the requirements of Anders. See id. at 744-45; see also High v. State, 573 S.W.2d 807,
812 (Tex. Crim. App. [Panel Op.] 1978). Counsel has presented a professional evaluation
of the record and referred this Court to what, in his opinion, are all issues which might
arguably support an appeal including, among other things, jurisdictional error, procedural
error, and the sufficiency of the evidence. See Anders, 386 U.S. at 744; Currie v. State,
516 S.W.2d 684, 684 (Tex. Crim. App. 1974); see also High, 573 S.W.2d at 812.

 In compliance with High, 573 S.W.2d at 813, appellant's counsel has carefully
discussed why, under controlling authority, there are no errors in the trial court's judgment. 
Counsel has informed this Court that he reviewed the record, researched the law
applicable to the facts and issues, and now concludes that there are no arguable grounds
for appeal. Counsel certifies to this Court that he served a copy of the brief and his motion
to withdraw on appellant, and he informed appellant of his right to review the record and
file a pro se response within thirty days. (1) See Anders, 386 U.S. at 744; Stafford v. State,
813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc); see also In re Schulman, 252
S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008). More than an adequate period of time has
passed, and appellant has not filed a pro se response. See In re Schulman, 252 S.W.3d
at 409.

II. Independent Review

 The United States Supreme Court advised appellate courts that upon receiving a
"frivolous appeal" brief, we must conduct "a full examination of all the proceedings to
decide whether the case is wholly frivolous." Penson v. Ohio, 488 U.S. 75, 80 (1988); see
Ybarra v. State, 93 S.W. 3d 922, 926 (Tex. App.-Corpus Christi 2003, no pet.). 
Accordingly, we have carefully reviewed the record and have found nothing arguably
supporting an appeal. See Bledsoe v. State, 178 S.W.3d 824, 826 (Tex. Crim. App. 2005);
Stafford, 813 S.W.2d at 509. We agree with counsel that the appeal is wholly frivolous. 
See Bledsoe, 178 S.W.3d at 827-28 ("Due to the nature of Anders briefs, by indicating in
the opinion that it considered the issues raised in the briefs and reviewed the record for
reversible error but found none, the court of appeals met the requirements of Texas Rule
of Appellate Procedure 47.1."). The judgment of the trial court is affirmed. 

III. Motion to Withdraw

 In accordance with Anders, appellant's attorney has asked this Court for permission
to withdraw as counsel for appellant. See Anders, 386 U.S. at 744; see also In re
Schulman, 252 S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80 (Tex.
App.-Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he
must withdraw from representing the appellant. To withdraw from representation, the
appointed attorney must file a motion to withdraw accompanied by a brief showing the
appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's
motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered
to send a copy of the opinion and judgment to appellant and to advise appellant of his right
to file a petition for discretionary review. (2) See Tex. R. App. P. 48.4; see also In re
Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens, 206 S.W.3d 670, 673 (Tex. Crim.
App. 2006). 


 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 5th day of March, 2009.
1. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the
rules of appellate procedure in order to be considered. Rather, the response should identify for the court
those issues which the indigent appellant believes the court should consider in deciding whether the case
presents any meritorious issues." In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting
Wilson v. State, 955 S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)).
2. No substitute counsel will be appointed. Should appellant wish to seek further review of this case
by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary
review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within
thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this
Court. See Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with this Court, after which
it will be forwarded to the Texas Court of Criminal Appeals. See Tex. R. App. P. 68.3; 68.7. Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate
Procedure. See Tex. R. App. P. 68.4.